UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:05-CR-70 and 2:05-CR-75
V. ) District Judge Greer
) Magistrate Judge Inman
MICHAEL CARL VASSAR )

REPORT AND RECOMMENDATION

Defendant has filed virtually identical Motions to Suppress in each of the above cases.[1] He asserts in both motions that a "substance was seized from defendant's property on April 18, 2002" and if that substance is the basis of the charges in Count One of the respective indictments, the evidence should be suppressed as having been seized in violation of his Fourth Amendment rights. These motions have been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on January 3, 2006.

Defendant continually argues that he cannot file motions, and particularly motions to suppress evidence, unless and until the government complies with his interpretation of Rule 12(b)(4)(B). That is a disingenuous argument, as the instant motions to suppress illustrate, inasmuch as defendant (1) obviously knows of the seized cocaine, and (2) has filed motions to suppress evidence of it. The Court cannot divine

---

[1] Doc. 42 in case No. 2:05-CR-75; Doc. 43 in case No. 2:05-CR-70.

what else the defendant needs. Reference is made to ¶ 6 of this Court's Order this day filed. Defendant clearly knew of the search and the evidence seized pursuant to it, irrespective of the government's failure to make a precise designation under Rule 12(b)(4)(B) as discussed in ¶ 6 of the Order. Defendant's counsel cannot claim ignorance of that evidence; even if there had been a precise designation under the rule, he would know no more than he knew at the time he filed the motion to suppress.

Case No. 2:05-CR-70 involved a federal search warrant, issued by the Magistrate Judge of this Court in April 2002, which was filed as Exhibit 1 to the hearing. Defendant did not argue, nor did he present any evidence, that the application for that search warrant lacked probable cause. Rather, he ultimately argued that some of the evidence seized pursuant to that warrant was beyond its scope and therefore should be suppressed. When asked by the Court which items on the inventory were beyond the scope of the warrant, defendant's counsel said "all of it."

The application and affidavit for the warrant describe trafficking in cocaine and stolen motor vehicles and motor vehicle parts. The warrant directed the officers to search for property which constituted evidence of drug trafficking or trafficking in stolen automobiles or automobile parts. A review of FBI Special Agent Farrow's return reflects that he seized items which clearly could be relevant to drug dealing or dealing in stolen automobiles or parts thereof.

The search warrant involved in case No. 2:05-CR-75 was issued by a state court

2

Case 2:05-cr-00075-JRG   Document 121   Filed 01/06/06   Page 2 of 4   PageID #: 29

judge, and was directed to property owned by the co-defendant Dewey Phillips. Defendant had no reasonable expectation of privacy in any premises owned or controlled by Mr. Phillips, and he cannot vicariously assert any privacy rights that Mr. Phillips may have had. *See, United States v. Myers*, 102 F.3d 227, 231 (6th Cir. 1996).

Defendant argues that he has not received a description of evidence under Fed.R.Crim.P. 12(b)(4)(B) which the government intends to use in its proof-in-chief, and therefore cannot "further particularize a motion for the suppression of evidence." As remarked earlier, this is a disingenuous argument since defendant fully well knows what the evidence is. Defendant's statement that he cannot "particularize" his motion without the 12(b)(4)(B) designation is simply wrong.

It is respectfully recommended that the motions to suppress be **DENIED** for the reasons just stated.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

        s/ Dennis H. Inman
United States Magistrate Judge