UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:05-CR-70 and 2:05-CR-75 |
| V. | ) | District Judge Greer |
| | ) | Magistrate Judge Inman |
| MICHAEL CARL VASSAR | ) | |

REPORT AND RECOMMENDATION

Defendant has filed identical Motions to Suppress in each of the above cases.[1] Specifically, he asks that the statement made by defendant to Special Agent Thomas Farrow of the FBI on April 18, 2002, be suppressed. These motions have been referred to the United States Magistrate Judge under the standing orders of this Court and pursuant to 28 U.S.C. § 636(b). An evidentiary hearing was held on January 3, 2006. The only witness who testified was Special Agent Farrow.

On April 18, 2002, this Court issued a search warrant for a garage located adjacent to defendant's residence in Newport, Tennessee. During the course of the search, a magazine clip of .22 caliber ammunition was found. Defendant remarked to Special Agent Farrow that he found the magazine clip in someone's truck upon which defendant was working. Defendant admittedly was not given *Miranda* warnings. Thus, the sole factual questions for determination for this Court are: (1) was defendant

---

[1] Doc. 41 in case No. 2:05-CR-75; Doc. 42 in case No. 2:05-CR-70.

under arrest at the time he made the statement; (2) was he in custody or his movement in any way restricted; and (3) were his statements voluntary?

The search of defendant's garage clearly was a rather cordial affair under the circumstances. The only demonstration of overt force or violence occurred when perhaps four of the total six of the officers on the scene pulled their weapons when they first entered the premises to be searched, i.e., the garage. This was a so-called protective sweep of the premises which is customary and done in consideration of the safety of the executing officers. The guns were pointed at no one; they were merely drawn by the officers and held in their hands. Once the protective sweep was concluded, the guns were re-holstered and the search commenced. It bears repeating: the agents were cordial and the defendant was cordial. The defendant was not intoxicated by either drugs or alcohol, and he was completely lucid. He was not arrested, and he was not in any type of custody. Contrary to some other situations involving the execution of search warrants, defendant was not even handcuffed during the search. Defendant was free to leave if he wished to do so; the only restriction imposed upon him was that, if he did leave, he could not return until the agents concluded their search. This too is merely a safety precaution and in no way had any effect regarding defendant's statement regarding the ammunition made during the course of the search.

In conclusion, *Miranda* warnings were not necessary because defendant was not

under arrest, and he was not in custody, and his movement was in no way restricted. *See, e.g., United States v. Warner*, 971 F.2d 1189 (6th Cir. 1992). The executing agents and officers did not intimidate defendant in any way. The circumstances were not hostile or coercive; in fact, they were just the opposite. Defendant's statement was spontaneous and completely voluntary.

It is respectfully recommended that defendant's motions to suppress be **DENIED**.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). The objecting party shall procure and file simultaneously with the objections a transcript of any testimony before the Magistrate Judge. If a transcript is not filed simultaneously with the objections, the party filing the objections shall either (1) file a declaration that the transcript was ordered before the objections were filed and the date on which the party expects the transcript to be filed, or (2) affirmatively state that a transcript of the testimony presented to the Magistrate Judge is not needed for resolution of the objections.] If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the

objections within five business days of the date the objections are filed.

      Respectfully submitted,

                                                          s/ Dennis H. Inman
                                            United States Magistrate Judge