UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
) No. 2:05-CR-75
V. ) District Judge Greer
) Magistrate Judge Inman
MICHAEL CARL VASSAR )

REPORT AND RECOMMENDATION

The defendant has filed a Motion to Dismiss Count One [Doc. 111], which has been referred to the Magistrate Judge pursuant to the standing order of the Court and 28 U.S.C. § 636, for a report and recommendation.

Count 1 of this indictment charges defendant with conspiring to distribute five kilograms or more of cocaine. This count alleges that the conspiracy persisted "[f]rom on or before January 1, 2004, until on or about August 24, 2005." It also alleges that the conspiracy occurred within the Eastern District of Tennessee "and elsewhere," and that the defendant conspired with Dewey Lynn Phillips, James Mark Thornton and "others known and unknown."

Defendant argues that the indictment is unconstitutionally overbroad and vague and fails to put him on notice of the charges against which he must defend.

Two of the alleged deficiencies in the indictment can be dealt with summarily. The conspiracy is alleged to have occurred in the Eastern District of Tennessee and elsewhere. The words "and elsewhere" do not render the indictment insufficiently

vague. *See, United States v. Giles*, 756 F.2d 1085, 1087 (5th Cir. 1985). Similarly, the indictment's reference to known and unknown co-conspirators does not make the indictment unconstitutionally vague. *United States v. Piccolo*, 723 F.2d 1234, 1238 (6th Cir. 1983).

Of more concern to the Court is the allegation regarding the duration of the conspiracy: "From on or before January 1, 2004 until on or about August 24, 2005." Under the "from on or before" language, defendant theoretically could be held to criminally answer for any act he committed between the time he obtained the age of accountability to August 24, 2005. Nevertheless, the Fifth Circuit Court of Appeals has held that such language is not unconstitutionally vague. *See, United States v. Hultgren*, 713 F.2d 79, 89 (5th Cir. 1983).

In a separate order, this Court has directed the government to file a bill of particulars with respect to Count 1 of this indictment and therein explain why the substantive drug possession with the intent to distribute charge in Count 1 in case No. 2:05-CR-70 is not embraced within the conspiracy alleged in Count 1 of the instant indictment.

For the reasons stated herein, it is respectfully recommended that defendant's motion to dismiss Count 1 be DENIED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C).

*United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

                                                      s/ Dennis H. Inman
                                                   United States Magistrate Judge