UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-75 |
| | ) | |
| MICHAEL CARL VASSAR | ) | |

### MEMORANDUM OPINION AND O R D E R

This criminal matter is before the Court to consider the objections of the defendant, Michael Vassar, to the Report and Recommendation of the Magistrate Judge [Doc. 123] recommending that defendant's Motion To Dismiss Count 1 [Doc. 111] be denied. Defendant Vassar alleges that Count 1 of the indictment is "unconstitutionally overbroad and vague" and fails to place him on notice of the conduct which he must defend. The defendant alleges that the indictment in Count 1 simply "charges that during the lifetime of Defendant he committed a conspiracy somewhere in the world with somebody."

Count 1 of the indictment reads as follows:

> From on or before January 1, 2004, until on or about August 24, 2005, within the Eastern District of Tennessee and elsewhere, the defendants, DEWEY LYNN PHILLIPS, JAMES MARK THORNTON, MICHAEL CARL VASSAR, and others known and unknown to the grand jury, did conspire, confederate and agree with each other and others

> both known and unknown to distribute and to possess with intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

An indictment must furnish the defendant with a sufficient description of the charges against him to enable him to prepare his defense, to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, to enable him to plead jeopardy against a later prosecution, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 369 U.S. 749, 763, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962). To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117-18, 94 S. Ct. 2887, 41 L. Ed. 2d 590 (1974).

Defendant Vassar relies upon the Ninth Circuit decision in *United States v. Cecil*, 608 F. 2d 1294 (9th Cir. 1979). In *Cecil*, the Ninth Circuit held an indictment, alleging that "beginning on or before July 1975, and continuing thereafter until on or after October 1975, within the District of Arizona and elsewhere," certain named defendants and co-conspirators conspired "with each other and with various other persons both known and unknown to the grand jury" to import marijuana into the

United States from Mexico, inadequate to meet constitutional requirements. Of great importance to that case was the finding of the Ninth Circuit that the indictment was "open-ended in both directions" and failed to place the conspiracies within any time frame.

The United States, on the other hand, relies primarily upon the Fifth Circuit decision in *United States v. Hultgren*, 713 F. 2d 79 (5th Cir. 1983). The indictment in *Hultgren* alleged a conspiracy to distribute cocaine "commencing on or before February 1, 1982, and continuing thereafter up to and including on or about February 2, 1982 . . . ." Finding the indictment to be more specific and less open ended than that found deficient in *Cecil*, the Fifth Circuit held the indictment to sufficiently allege the operative periods of the conspiracy to permit the preparation of a defense and to avoid double jeopardy problems.

Neither party has called to the attention of this Court any Sixth Circuit decision considering this precise question and the Court's own research has revealed none. The Seventh and Tenth Circuits, however, have considered the issue. In *United States v. Simmons,* 142 F. 3d 441 (Table), 1998 WL 231103 (7th Cir. (Ill.)), an unpublished opinion of the Seventh Circuit, the court considered an indictment charging a conspiracy beginning "in about the summer of 1994, or before." While Simmons did not argue that the indictment was so imprecise as to render it insufficient, he did argue that evidence of transactions which allegedly took place in 1993 were not

admissible as proof of the conspiracy charged in the indictment. Finding the date on which the conspiracy began not to be a material element of the offense, the court affirmed Simmons' conviction on the conspiracy charge. The Tenth Circuit appears to have considered a similar issue on two separate occasions. In *United States v. Mitchell*, 765 F. 2d 130 (10th Cir. 1985), the court found the language "on or before" in an indictment to be equivalent to "on or about" and affirmed defendant's conviction of various substantive offenses. The Tenth Circuit expanded its reasoning in *Mitchell* to a conspiracy indictment in the case of *United States v. Edmonson*, 962 F. 2d 1535 (10th Cir. 1992), and found an indictment charging a conspiracy from "before on or about April 6, 1999 to on or about July 5, 1999" to be constitutionally sufficient. The Tenth Circuit held the indictment to be sufficiently precise as to the time frame and approved jury instructions which struck the word "before" and charged the jury as if the indictment simply alleged a beginning date of "on or about".

     Like the Tenth Circuit, this Court believes the language used in this indictment, i.e. "[f]rom on or before" can properly be construed as "on or about" or "approximately" and that the time frame of the conspiracy is sufficiently set forth. To be sure, the language of Count 1 of the present indictment is somewhat bare bones, although it does not differ in significant respect from indictments seen by this Court on a regular basis and found to be sufficient by the courts of appeal on a regular basis. The indictment tracks the language of the pertinent statute, provides the defendant with

a sufficient description of the charges against him, gives him sufficient notice as to the operative time period of the conspiracy and enables the defendant to plead jeopardy against a later prosecution.[1] On the other hand, this Court has seen indictments in drug conspiracy cases which provide the defendant with far more information than that contained in this indictment. That, however, is of no consequence in this case. The indictment must only allege sufficient information to meet the minimum constitutional requirements and this indictment does that.

The defendant's objection to the geographic description of the conspiracy stated in the indictment may be dealt with summarily, as noted by the Magistrate Judge. Defendant Vassar offers no authority for this proposition and numerous courts have approved indictments containing the "and elsewhere" language. The Ninth Circuit in *Cecil* did not state that the geographic description in that indictment was inadequate or that the use of "and elsewhere" created any deficiency in the indictment. In fact, the court referred to the geographic description as one of "only two specific allegations concerning the conspiracies." *Cecil*, 608 F. 2d at 1297.

Therefore, after careful consideration of the Report and Recommendation of the United States Magistrate Judge, [Doc. 123], it is hereby **ORDERED** that the Report

---

[1] This Court notes that the Magistrate Judge ordered the government to provide a limited bill of particulars which further tightened the date of the inception of the alleged conspiracy. While a bill of particulars cannot save an otherwise invalid indictment, it can, and does in this case, serve to give adequate notice to the defendant for trial preparation purposes.

and Recommendation is **ADOPTED** and **APPROVED** and that the defendant's Motion To Dismiss Count 1 is **DENIED**. [Doc. 111].

ENTER:

<u>s/J. RONNIE GREER</u>
UNITED STATES DISTRICT JUDGE