UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-75 |
| | ) | |
| MICHAEL CARL VASSAR | ) | |

### MEMORANDUM OPINION AND O R D E R

This matter is before the Court on "Defendant Michael Vassar's F.R. Crim. P. (sic) 34 Motion to Arrest Judgment", [Doc. 524] and the defendant's memorandum in support thereof [Doc. 543]. The government has filed a response [Doc. 525] and a second response [Doc. 544]. The defendant has filed a reply to the government's response [Doc. 545].

*Federal Rule of Criminal Procedure* 34 provides:

(a) In general. Upon the defendant's motion or on its own, the court must arrest judgment if:

    (1) The indictment or information does not charge an offense; or

    (2) The court does not have jurisdiction of the charged offense.

Thus, only two grounds for a motion for arrest of judgment are recognized: (1) the indictment does not charge an offense, and (2) the court is without jurisdiction of the offense charged. *U. S. v. Rosenberg*, 195 F. 2d 583, 603 (2nd Cir. 1952), *cert. denied*

344 U. S. 838; *U. S. v. Whitted*, 454 F. 2d 642, 646 (8th Cir. 1972). A motion for arrest of judgment must be decided on the record – the indictment, the plea, the verdict and the sentence. *United States v. Sisson*, 90 S. Ct. 2117, 2125, 399 U.S. 267, 281, 26 L. Ed. 2d 608 (1970) The evidence is not part of the record. *Id.*

The defendant's motion reflects a fundamental misunderstanding of the purpose of the motion for arrest of judgment. Defendant's motion alleges neither of the recognized grounds for the motion.[1] The defendant attempts to address alleged trial errors, such as whether the jury was properly charged or whether the evidence was sufficient to sustain a lawful conviction of defendant of the conspiracy charged in Count I, through this motion. These issues may not properly be raised by a Rule 34 motion but rather should be raised in a motion for a new trial.

For the foregoing reasons, defendant's motion pursuant to *Federal Rule of Criminal Procedure* 34 is **DENIED.**

**SO ORDERED.**

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE

---

[1] Although the defendant raises no specific challenges as to whether Count I of the indictment charges an offense, he previously has challenged the indictment as constitutionally and procedurally deficient. The Court has previously held that Count I of the indictment is constitutionally and procedurally sufficient. To the extent the defendant is raising this issue again through his Federal Rule of Criminal Procedure 34 motion, the Court's ruling would be the same.

2

Case 2:05-cr-00075-JRG   Document 553   Filed 08/15/06   Page 2 of 2   PageID #: 107