UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-75 |
| | ) | |
| MICHAEL CARL VASSAR | ) | |

### MEMORANDUM OPINION AND O R D E R

This matter is before the Court on "Defendant Michael Vassar's Motion For Court To Reconsider Questioning The Foreman Of The Jury As To The Conspiracy In Count I Or To Permit The Defense To Do So" [Doc. 529] and the defendant's supplemental memorandum in support of his motion [Doc. 546].[1] The government has responded. [Doc. 535].

The defendant previously filed a motion for the Court or the defense to interview the jury foreman as to the conspiracy charged in Count I of the indictment. [Doc. 485]. Characterizing defendant's request as an improper effort to impeach the jury verdict through use of juror testimony in violation of Fed. R. Evid. 606(b), this Court, by

---

[1] In defendant's supplemental memorandum, he expands his request for questioning of the jury foreman to "an investigation . . . by the Court and that the juror, the foreman, the juror who made the unsolicited communication or other members of the jury, should be questioned by the Court . . ." Defendant's reference to "the juror who made the unsolicited communication" is a reference to an anonymous letter, purported to be from one of the jurors who decided this case, which this Court previously permitted defendant to file under seal. The issue of this letter will be dealt with more fully in the Court's order on Vassar's motion for a new trial. At this point, suffice it to say that the letter provides no basis for reconsideration of the Court's prior order.

order entered June 27, 2006, denied the motion. [Doc. 522]. The defendant sought to have the jury foreman interviewed in order to inquire into the identity of the "co-conspirator and the basis" of the jury's verdict as to Count I. The defendant seeks reconsideration of the Court's order.

The defendant, in his motion for reconsideration, argues that he is not attempting to impeach the jury verdict but rather that his "requested post-verdict interview is for nothing more than what could have been asked of the jury by special verdict or by interrogatory." (Doc. 529 at p. 4). He further alleges: "[i]f these type questions are proper for interrogatory or a special verdict, then these questions are proper for a post-trial interview and do not constitute F.R.E. [sic] 606(b) prohibited information." (*Id.*) The defendant further argues that the jury " . . . could have found, and most probably did find, . . ." that a conspiracy existed based on conduct that was not a conspiracy. (*Id.*)

Despite defendant's disingenuous characterization of his argument, he clearly seeks to interview the foreman of the jury in an effort to impeach the jury verdict, a purpose clearly prohibited by Fed. R. Evid. 606(b). The defendant offers absolutely no authority to support his conclusion that his requested interview concerns matters that were properly the subject of a special verdict or interrogatory.[2] In fact, no such authority

---

[2] At page four (4) of his motion, [Doc. 529], defendant characterizes the subject of the proposed interview as follows: . . . (1) what person or persons did the jury find Defendant Vassar had conspired with; (2) what were the date dates (sic) of that conspiracy; (3) what was the object of that conspiracy; (4) was there an amount by weight of cocaine that was the object of that conspiracy."
   Defendant did request that the Court submit an interrogatory to the jury requiring the jury to identify

2

Case 2:05-cr-00075-JRG   Document 560   Filed 08/30/06   Page 2 of 3   PageID #: 113

exists. The jury was properly instructed on the elements of a conspiracy and this Court presumes that the jury followed its instructions.

The defendant's motion to reconsider is without merit and is **DENIED**.

SO ORDERED.

ENTER:

                                           s/J. RONNIE GREER
                                           UNITED STATES DISTRICT JUDGE

---

the members of any conspiracy of which the defendant Vassar was convicted but never requested a special verdict or interrogatory on the other subjects set forth in his motion and quoted above. This Court properly denied his request.

3