UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) NO. 2:05-CR-75
)
MICHAEL VASSAR )

**O R D E R**

This criminal matter is before the Court to address the defendant's objection in regard to the calculation of his criminal history category. The defendant objects to the nine criminal history points that he was given for his convictions in this court in CR-2-92-25, CR-2-92-32, and CR-2-92-33 because he contends that these cases were "functionally consolidated" for sentencing even though there was no formal order of consolidation.

The case at bar is almost directly on point with *United States v. Hazelwood*, 398 F.3d 792, 797-798 ( 6th Cir. 2005), in which the Sixth Circuit addressed the phrase "functionally consolidated":

> Though it is true that a formal consolidation order need not be entered in order for cases to be considered functionally consolidated for sentencing, see, e.g., *United States v. Best*, 250 F.3d 1084, 1095 (7th Cir.2001), this Court has held that sentences are not functionally

> consolidated "when offenses proceed to sentencing under separate docket numbers, cases are not related, and there was no formal order of consolidation." *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir.1994); see also *United States v. Carter*, 283 F.3d 755, 758 (6th Cir.2002) ("The fact that judgment was pronounced on the same day with sentences to run concurrently, without more, does not establish that [the cases] were in fact consolidated."). The district court noted that there was a <u>guilty verdict in one case, as opposed to pleas in the other two, that each case proceeded to trial and sentencing under separate docket numbers, and that each case resulted in a separate, individualized sentence, despite the fact that they were to be served concurrently</u>. As a result, the district court overruled Hazelwood's objection to the imposition of this enhancement. This conclusion was not clear error. (emphasis added)

Each of the defendant's convictions in this court obviously involved separate docket numbers and separate indictments. The defendant pled guilty in CR-2-92-25 and CR-2-92-32, but he went to trial in CR-2-92-33 and a guilty verdict was returned. In CR 2-92-25, he was charged with 2 counts of using a communications facility to distribute marijuana and one count of distributing marijuana which occurred on October 10, 1991 and October 18, 1991. In CR 2-92-32, he was charged with altering the identification numbers on motor parts and receiving automobile parts with altered identification numbers which occurred from September 1990 through March of 1991. In CR 2-92-33, Vassar

2

was convicted of seven counts of aiding and abetting, one count of possessing an automobile part with an altered identification number, one count of insurance fraud, four counts of using wire communications to perpetrate a fraud, and one count of engaging in a monetary transaction in criminally derived property valued at over $10,000 which occurred from September 1990 to March of 1991. He was found not guilty of Count 1 in CR 2-92-33, and his conviction of engaging in a monetary transaction in criminally derived property that had a monetary value greater than $10,000, was subsequently reversed by the Sixth Circuit.

On December 28, 1992, the defendant was sentenced as follows:

CR 2-92-25- 48 months on Counts 1 and 2 and 60 months on Court 3

CR 2-92-32- 71 months on Counts 1, 3, 5, 7, 9, 11, 12, 14, 15, 16, 17, and 19
60 months on Counts 2, 4, 5, 6, 10, 13, and 18

CR 2-92-33- 71 months on Counts 2 and 8, and
60 months on Counts 3, 4, 5, 6, and 7.

Because all terms of imprisonment were to run concurrently, this left him with an effective sentence of 71 months.

As in *Hazelwood*, Vassar's convictions involved a guilty verdict in one case, as opposed to pleas in the other two, each case proceeded to trial and sentencing under separate docket numbers, and each case resulted in a separate, individualized sentence, despite the fact that they were to be served concurrently.

3

Therefore, the Court FINDS that these sentences are not functionally consolidated even though there was a joint sentencing hearing and concurrent sentences. *United States v. Horn,* 355 F.3d 610, 614 (6th Cir. 2004). These offenses proceeded to sentencing under separate docket numbers, they were not factually related, there was no order of consolidation, and different sentences were levied in each case. *United States v. McAdams*, 25 F.3d 370, 374 (6th Cir.1994). Accordingly, it is hereby **ORDERED** that the defendant's objection in regard to the calculation of his criminal history is **OVERRULED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE