UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-75 |
| | ) | |
| MICHAEL CARL VASSAR | ) | |

**MEMORANDUM OPINION AND O R D E R**

The defendant, Michael Vassar, is currently before the Court awaiting sentencing after his conviction by a jury of conspiracy to distribute and possession with the intent to distribute cocaine. His sentencing hearing is presently scheduled for October 30, 2006. Pending before the Court are several motions. This order will address the following pending motions:

(1) Defendant's Vassar's Motion For A Presentence Hearing Conference To Determine Disputed And Contraverted [Sic] Sentencing Issues To For [Sic] Which the Court May Be Disqualified from Making Factual Findings. [Doc. 576].

(2) Defendant Vassar's Motion For Sentencing Discovery And Disclosures From The Court [Doc. 577].

(3) Defendant Vassar's Motion For Sentencing Discovery And Disclosures

From The Government [Doc. 578].

(4) Defendant Vassar's Motion For Sentencing Discovery And Disclosures From The Presentence Officer [Doc. 579].

(5) Defendant Vassar's Motion For An Order To The United States Attorney To Deliver To The Court Documents And Reports Subpoened [Sic] For The Sentencing Hearing For The Defense To Inspect To Prepare For The Hearing [Doc. 581].

(6) United States' Motion To Quash Subpoena Dated October 1, 2006 To The United States Attorney [Doc. 583].

**The Request for a "Pre-Sentence Hearing Conference"**

As with many of the pleadings filed by counsel for Mr. Vassar, it is somewhat difficult to determine the specific relief sought by the defendant and even more difficult to determine the basis asserted therefore. Mr. Vassar's stated reason for his request for a presentence hearing conference is for the Court to "consider disputed and controverted sentencing matters asserted by the presentence officer [sic] and the government . . ." It appears to the Court that Mr. Vassar's request revolves around whether or not this Court will consider acquitted conduct in calculating the appropriate advisory guidelines sentencing range in this case.

The presentence report has been prepared by the Probation Office and disclosed to both parties in this case and both parties have been afforded the opportunity to file with the Court a sentencing memorandum setting forth their respective positions. A presentence hearing conference is, therefore, unnecessary and defendant's request will be **DENIED**.

Additionally, this Court does not generally render advisory opinions; however, because Mr. Vassar's counsel is either unfamiliar with, or pretends to be unfamiliar with, sentencing procedures to be employed by this Court and all other District Courts within the Sixth Circuit post-*Booker*, this Court will provide some guidance to the parties in order to permit them to better prepare for the sentencing hearing on October 30 and to more succinctly state their positions at that time.

The congressional mandate to this Court in sentencing is quite clear and is set out 18 U.S.C. § 3553(a). This Court is required to impose a sentence in this case that is "sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]". In determining a sufficient sentence in this and all other criminal cases, this Court must do several things. First of all, the Court must correctly calculate the guideline sentencing range, which, although advisory, is one of the factors to be considered pursuant to 18 U.S.C. § 3553(a)(4). *See 18 U.S.C. § 3742(f)(1)*; *United States v. Gibson*, 409 F. 3d 325, 338-39 (6th Cir. 2005). In order to calculate the advisory guideline sentencing range, the Court must make all findings of fact necessary to apply the

guidelines to the defendant and as necessary to resolve the parties' objections to the calculation of the advisory guideline range in the presentence report.[1] *United States v. Orlando*, 281 F. 3d 586, 600-01 (6th Cir. 2002); *See also United States v. Moreland*, 437 F. 3d 324, 432 (3rd Cir. 2006). Once the guidelines sentencing range has been correctly calculated, the Court must determine whether to grant a downward departure or an upward departure from the guidelines range. *See, e.g. United States v. McBride*, 434 F. 3d 470, 474-75 (6th Cir. 2006). This Court must then consider the § 3553(a) factors, one of which is the advisory guidelines sentencing range, and exercise its independent judgment about what an appropriate sentence should be within the range of the relevant statutory minimum and maximum sentences. *United States v. Booker*, 43 U.S. 220 (2005); *United States v. Van Hoosier*, 442 F. 3d 939, 946 (6th Cir. 2006). The Court must then give a reasoned explanation for the sentence imposed. *United States v. Jackson*, 408 F. 3d 301, 305 (6th Cir. 2005).

Mr. Vassar states in his motion that "Vassar's sentencing defense is that he

---

[1] As stated by the Second Circuit: ". . . district courts remain statutorily obligated to calculate guidelines ranges in the same manner as before *Booker* and to find facts relevant to sentencing by a preponderance of the evidence . . . Consistent with that obligation, district courts may find facts relevant to sentencing by a preponderance of the evidence, even where the jury acquitted the defendant of that conduct, so long as the judge does not impose (1) a sentence in the belief that the guidelines are mandatory, (2) a sentence that exceeds the statutory maximum authorized by the jury's verdict, or (3) a mandatory minimum sentence under § 841(b) not authorized by the verdict." *United States v. Vaughn*, 430 F. 3d 518, 526-527 (2nd Cir. 2005)

4

cannot be sentenced for acquitted conduct; . . ." The Court interprets this as an argument by the defendant that conduct for which he was acquitted by the jury can neither be considered in calculating the advisory guidelines sentencing range applicable to his case nor can it be considered by this Court in determining a sufficient sentence. Mr. Vassar, in his motion, directs this Court's attention to no authority supporting his position in that respect.

In a subsequent pleading, however, Mr. Vassar asserts that "the Sixth Circuit has not addressed whether a district court's use of acquitted conduct post-*Booker* constitutes a 'reasonable sentence'" and cites this Court to several district court opinions on the issue, i.e. *United States v. Coleman*, 370 F. Supp. 2d 661 (S.D. Ohio 2005); *United States v. Huerta-Rodriguez,* 355 F. Supp. 2d 1019 (D. Neb. 2005); *United States v. Pimental*, 367 F. Supp. 2d 150 (D. Mass. 2005). What the defendant neglects to acknowledge in his pleadings, however, is that every circuit court of appeals, including the Sixth Circuit,[2] has now considered the question of whether or not there is any constitutional violation when a district court takes into account acquitted conduct in calculating a defendant's advisory guidelines range and have unanimously held that, after

---

[2] In the case of his assertion as to the Sixth Circuit, i.e. that the Sixth Circuit has not addressed the issue, defendant is in error. *See U. S. v. Blackwell*, 459 F. 3d 739 (6th Cir. 2006); *U. S. v. Davidson*, 409 F. 3d 304 (6th Cir. 2000) (holding that the same evidentiary standards apply post-*Booker*). *See, e.g. U. S. v. Milton*, 27 F. 3d 203, 208-209, (6th Cir. 1994) (holding that even where a defendant has been acquitted of a certain crime, the district court may still take the defendant's conduct related to that crime into consideration in determining a sentence for criminal misconduct to which the defendant has pleaded guilty or has been found guilty.)

*Booker*, applying the guidelines as advisory, the district court may continue to consider acquitted conduct just as it did pre-*Booker*, in determining the guideline range, as long as [the court's consideration of acquitted conduct] does not support any mandatory calculation" or "violate any of the judge's obligations to consider relevant factors." *United States v. Williams*, 399 F. 3d 450, 454 (2nd Cir. 2005); *See also United States v. Blackwell*, 459 F. 3d 739 (6th Cir. 2006); *United States v. Wade*, 435 F. 3d 829 (8th Cir. 2006); *United States v. Dorcely*, 454 F. 3d 366 (D.C. Cir. 2006); *U.S. v. Faust*, 456 F. 3d 1342 (11th Cir. 2006); *U.S. v. High Elk*, 442 F. 3d 622 (8th Cir. 2006); *U. S. v. Jones*, 2006 WL 2350166 (5th Cir. (La.)); *U. S. v. Valdez*, 453 F. 3d 252, 2006 WL 1644823 (5th Cir. 2006); *United States v. Ashworth*, 139 Fed. Appx. 525 (4th Cir.), *cert. denied*, 126 S. Ct. 765 (2005); *United States v. Lynch*, 437 F. 3d 902 (9th Cir. 2006); *U. S.* v. *Vaughn*, 430 F. 3d 518 (2nd Cir. 2005); *U. S. v. Price*, 418 F. 3d 771 (7th Cir. 2005); *U. S. v. Magallanez*, 408 F. 3d 672 (10th Cir. 2005); *U.S. v. Duncan*, 400 F. 3d 1297 (11th Cir. 2005); *U. S. v. Yeje-Cabrera*, 430 F. 3d 1 (1st Cir. 2005).[3]

---

[3] Defense counsel in this case continues to violate his ethical obligation to call to the attention of the court precedent which does not support his stated position. Citing this Court to three district court opinions without also informing this Court of the clear weight of the Court of Appeals decisions, including clear Sixth Circuit precedent, in making that argument is improper and unethical. Mr. Moncier's failure in this respect cannot be overlooked as the over zealous advocacy of an inexperienced lawyer. On the contrary, Mr. Moncier is an experienced and well qualified criminal defense attorney whose conduct cannot be excused. Counsel is reminded of his ethical obligation to "disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of his client and not disclosed by opposing counsel." *See Model Rule of Professional Conduct* 3.3 (1990); *accord*, Model Code of Professional Responsibility, EC7-23 (1981) - *U.S. v. Marks*, 209 F. 3d 577, 585, 585 (6th Cir. 2000) (citing Rule 3.3 applicable in this circuit).

The Sixth Circuit has only recently considered the specific question raised here in *United States v. Blackwell*, *supra*, and very clearly held that a district court is not precluded from considering facts not included in the indictment or facts related to counts for which a defendant was acquitted in determining the advisory guidelines sentencing range and has rejected the argument that the use of acquitted conduct in determining a sentence renders a jury verdict meaningless. The Sixth Circuit, in addressing that issue, said "[t]he acquittal simply means that the jury did not find that the defendant committed the charged offense beyond a reasonable doubt. The district court in this case, however, only needed to determine the amount of loss by a preponderance of the evidence." *Blackwell*, 459 F. 3d at 772, citing *United States v. Davidson*, 409 F. 3d 304, 310 (6th Cir. 2005) (holding that the same evidentiary standards apply post-*Booker*); *United States v. Rothwell*, 387 F. 3d 579, 582 (6th Cir. 2004) (holding that the district court determines the amount of loss under the preponderance of the evidence standard). This Court will, therefore, consider acquitted conduct and make all findings of fact necessary to apply the guidelines to the defendant using a preponderance of the evidence standard as it would have before *Booker*. To the extent this Court finds facts related to quantity to have been proven by the government by a preponderance of the evidence in arriving at the advisory guideline range, the Court will then assess the weight and quality of the evidence presented by the prosecution in determining a reasonable sentence.

**The Request For Court's Disqualification**

Vassar also requests in his motion [Doc. 576] that this Court "recuse itself from making factual determinations because the court has knowledge and information, not know [sic] to Vassar, that is material to those factual decisions; . . ." Once again, Mr. Vassar's rambling motion makes it difficult to ascertain what information it is that Vassar alleges this Court has which is unknown to Vassar. It appears that the basis for Mr. Vassar's argument is this Court's review of certain documents *in camera* during the course of this trial for exculpatory material, as specifically requested by Mr. Vassar.

This is not the first request for recusal or suggestion of bias made by Mr. Vassar and his counsel during the course of these proceedings. Mr. Vassar's motion will be DENIED for very simple reasons. First of all, the material reviewed *in camera* was reviewed at the insistence of Mr. Vassar himself. In addition, this Court, in making factual determinations related to sentencing by a preponderance of the evidence standard, will consider only that evidence introduced at the trial of this cause or which may be introduced by one of the parties at the sentencing hearing and will disregard anything that may have been contained in any of the documents reviewed *in camera*. Lastly, recusal is required by 28 U.S.C. § 445 on the grounds of bias only when the judge has knowledge or information from "some basis other than what the judge learned from his participation in the case." *United States v. Nelson*, 922 F. 2d 311 (6th Cir. 1990). As correctly pointed out by the government, whatever information the Court gleaned from its *in camera* review

of these records was done at Mr. Vassar's insistence and was done in connection with these or related proceedings. Accordingly, the Court's knowledge of such information provides no basis for recusal. In fact, Mr. Vassar's request is frivolous.

**The Request For Discovery "From the Court"**

Without citation to any authority, defendant Vassar now asserts that he is entitled to review all material reviewed by the Court *in camera* based upon his insistence at trial that the Court do so. After determining that the bulk of materials contained no exculpatory information to which the defendant was entitled, those records, which are voluminous, and which deal with many ongoing investigations, were placed under seal and the Clerk was directed to hold those records in the Clerk's vault. Vassar now seeks to accomplish through this motion what has been denied him by prior order of this Court. He offers no basis for his assertion of entitlement to those documents other than conclusory allegations. His request is frivolous and his motion [Doc. 577] will be **DENIED.**

**The Request for Discovery from the "Presentence Officer" [sic]**

Defendant Vassar, again without citation to any authority, seeks disclosure to him of statements, written materials, notes, and other records, papers or documents reviewed in any way by the probation officer in preparation of the presentence report. The United States Probation Office is an agency of the Court and presentence investigation reports are prepared exclusively at the direction of and for the benefit of the Court. *United*

9

*States v. Dingle*, 546 F. 2d 1378 (10th Cir. 1976) Defendant has no right of access to the probation officer's notes or other documents sought by this motion. *See U. S. v. Silverman*, 976 F. 2d 1502, 1514 (6th Cir. 1992) (*en banc*) (holding that at sentencing a defendant only has the right to "explain or rebut any challenged information, and does not have the right to discover a probation officer's notes."); *U.S. v. Moore*, 225 F. 3d 637, 643 (6th Cir. 2000).[4] Mr. Vassar's demand for production of the probation officer's records will be **DENIED**.

**The Request For Discovery From The Government**

The defendant has moved for wide ranging discovery and disclosures from the government prior to Mr. Vassar's sentencing in this case. Mr. Vassar seeks four broad categories of discovery: (1) investigative reports of law enforcement agencies and related records "pertaining to any other individual who has been found guilty or pled guilty of similar conduct as defendant Vassar . . ."; (2) presentence investigative reports "as to each person § 3553(a)(6) or § 3553(a)(5)/Sentencing Guidelines policies apply; (3) sentencing motions or memorandums filed by the government in other cases; and (4) written policies of the United States Attorney's Office for making recommendations for particular sentences. The defendant justifies his request without citation to any authority and with a conclusory argument that these documents are somehow relevant to

---

[4] Defendant's counsel once again appears to violate his ethical obligation to this Court to disclose the controlling precedent directly adverse to his position.

the Court's consideration of § 3553(a)(6), *i.e.* "[t]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Even if entitled to some discovery and disclosures from the government[5] related to sentencing, these requests by the defendant are vague, overly broad and seek information irrelevant to this Court's sentencing decision. The overly broad nature of the request is illustrated very clearly by his request for investigative reports of law enforcement agencies. Mr. Vassar seeks reports, memorandums, sentencing memorandums, plea agreements or correspondence "pertaining to any other individual who has been found guilty or has pled guilty of similar conduct as defendant Vassar." The "law enforcement agencies" are not identified, no time frame is given and no attempt at relevance is shown. Read literally, Mr. Vassar seeks investigative reports of every law enforcement agency in the United States for every similarly situated defendant, that is, every defendant with a similar record to Mr. Vassar who has been found guilty of similar conduct. Such a request is clearly nothing more than a fishing expedition and is overly burdensome. Even if limited to cases handled by the United States Attorney's Office for this district, the same is true. Likewise, sentencing memoranda or sentencing recommendations made by the government, even if the request is limited to

---

[5] *Brady v. Maryland* requires relevant exculpatory evidence material to either guilt or punishment possessed by the government to be disclosed to the defendant. The government, however, is "typically . . . the sole judge of what evidence in its possession is subject to disclosure." *U.S. v. Presser*, 844 F. 2d 1275, 1282 (6th Cir. 1988). The government has repeatedly acknowledged its duty to make such disclosure and has certified that it has done so in this case.

recommendations made to <u>this</u> Court or sentencing memoranda filed in <u>this</u> Court, are irrelevant as to any disparity argument Mr. Vassar wishes to make. For one thing, the disparity referred to in § 3553(a)(6) is <u>sentence</u> disparity, not disparity in recommendations made by the United States Attorney's Office. This Court is not bound by a recommendation of the United States Attorney's Office and often does not follow that office's recommendation in sentencing decisions. Likewise, any written policies the United States Attorney's Office for making recommendations is totally irrelevant for the same reasons.

Mr. Vassar also seeks "pre-sentence investigative reports in the possession of the government as to each person § 3553(a)(6) or § 3553(a)(5)/Sentencing Guidelines Policies Apply; . . ." It appears that by this nonsensically stated request Mr. Vassar seeks presentence investigative reports of others who have been found guilty or pled guilty of similar conduct as defendant Vassar. Since the attempt by Mr. Vassar's counsel to obtain copies of presentence investigative reports prepared for this Court by the United States Probation Office has been an ongoing one, not only in this but in other cases, this Court will address this request more fully. First of all, the request suffers from the same problems with vagueness and over breadth as do Mr. Vassar's other requests. Secondly, however, and more importantly, presentence investigative reports prepared for this Court concerning other defendants before this Court are not discoverable by Mr. Vassar or any other third party. That has long been the rule in this district, *see U. S. v. Mayse*, 467 F.

Supp. 1339 (E.D. Tenn. 1979), and its continued viability today can hardly be questioned. As Judge Neese said in *Mayse*: "Disclosure of such a presentence report is governed by Rule 32(c), Federal Rules of Criminal Procedure. Except to the extent that disclosure of a presentence report is permitted under circumstances adverted to in the aforecited rule, it is a confidential document and not to be disclosed to anyone." *Mayse*, 467 F. Supp. at 1339.

Rule 32 itself is silent on the question of disclosure of presentence reports to third persons. The clear consensus of reported cases, however, appears to be that the interest of the criminal justice system in the confidentiality of presentence reports either precludes third party disclosure altogether or requires a strong showing that disclosure is necessary in the interest of justice. *See United States Department of Justice v. Julian*, 100 486 U.S. 1, 108 S. Ct. 1606, 100 L. Ed. 2d 1 (1998). In *United States v. Sherlin*, 67 F. 3d 1208 (6th Cir. 1995), the Sixth Circuit addressed the issue of whether the Supreme Court's holding in *Brady v. Maryland* required a court, for due process reasons, to provide access for a defendant to a prosecution witness presentence report. The Sixth Circuit, relying on *United States v. Trevino*, 556 F. 2d 1265 (5th Cir. 1977), declined "to extend Brady's reach by holding that a discovery motion addressed in effect to a court or its probation officer, rather than the prosecution, asking production of a witness presentence report, must be granted under Brady's authority." *Sherlin*, 67 F. 3d at 1218. *See also United Technologies Corp. v. Federal Aviation Administration*, 102 F. 3d 688 (2nd Cir. 1996);

13

*United States v. Gotti*, 322 F. Supp. 2d 230 (E.D. NY 2004); *United States v. Loeper*, 132 F. Supp. 2d 337 (E.D. Pa.); *United States v. Pena*, 227 F. 3d 23 (2nd Cir. 2000); *United States v. Blanco*, 884 F. 2d 1577 (3rd Cir. 1989); *United States v. Sasser*, 971 F. 2d 470 (10th Cir. 1992); *United States v. Gomez*, 323 F. 3d 1305 (11th Cir. 2003); *United States v. Harrison*, 2003 WL 21027286 (E.D. Pa.); *United States v. Beckford*, 962 F. Supp. 780 (E.D. Va. 1997).

The defendant provides this Court with no citation to any authority supporting his request nor does he discuss any of the above cited authorities. Defendant asserts, without stating his reasons for doing so, that copies of the presentence reports sought are in the possession of the United States. To the extent the defendant is arguing that presentence reports are discoverable because they are in the possession of the United States Attorney,[6] this Court finds that the same policy reasons which support confidentiality of these reports prohibits disclosure of reports in the possession of the United States Attorney. Whether released to third parties by the court or by the United

---

[6] Every presentence report prepared by the United States Probation Office for this Court contains the following prohibition on use and redisclosure: *Restrictions on Use and Redisclosure of Presentence Investigation Report.* Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (*i.e.,* classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and federal investigations directly related to terrorists' activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

14

States Attorney, the policy considerations are the same. To require disclosure of a presentence report by the United States is contrary to the public interest and would adversely affect this Court's ability to obtain data on a confidential basis from the accused and from sources independent of the accused for use in the sentencing process. Such a free flow of information is crucial to the ability of the court to render a fair sentence and disclosure would make various individuals reluctant to contribute information that will be incorporated into the report if they are aware it will later be disclosed to third parties. This Court finds, therefore, that presentence investigation reports are not discoverable by a third party, including a co-conspirator or co-defendant, regardless of whether those reports are in the possession of the court, its probation officer, defense counsel or the prosecuting attorney.

Even were this Court to find that *Brady v. Maryland* or other constitutional considerations requires disclosure of presentence reports in the possession of the government, such disclosure would be made only upon a strong showing that disclosure is necessary in the interest of justice. Defendant has made no such compelling showing here. The defendant's pleading contains nothing more than conclusory statements and does not identify any factual or legal issues which would be clarified by the disclosure of the reports.

For the above stated reasons, the defendant's motion for discovery from the government [Doc. 578] will be **DENIED**.

**The Government's Motion to Quash**

The defendant has also filed a "Motion For An Order To The United States Attorney To Deliver To The Court Documents And Reports Subpoened [sic] For The Sentencing Hearing For The Defense To Inspect To Prepare For The Hearing". [Doc. 581] Simultaneous with the filing of that motion, the defendant issued a subpoena to the United States Attorney for the production of documents to be produced at Mr. Vassar's sentencing hearing. He seeks an order from this Court directing that the documents be delivered to the court on or before October 18, 2006, and for presentence hearing inspection of those documents. The subpoena and the motion demand the same documents sought by his motions for discovery which have been denied for the reasons set forth above. For the same reasons, his motion for an order requiring the United States Attorney to deliver the documents to the court [Doc. 581] will be **DENIED**. In addition, because the subpoena seeks information not discoverable, represents nothing more than a "fishing expedition", is overly broad and vague and is oppressive and burdensome, the government's motion to quash [Doc. 583] will be **GRANTED** and the subpoena will be **QUASHED**.

**SO ORDERED**.

ENTER:

                                                s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE