UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:05-CR-75 |
| MICHAEL VASSAR | ) | |

# **O R D E R**

It is hereby **ORDERED** that the defendant's motion to file additional information and for the Court to reconsider its order dated October 12, 2006 is **DENIED** as being untimely under Fed.R.Civ.P. 59(b), (e), and for failure to assert any of the specified circumstances in Fed.R.Civ.P. 60(b), and for failure to set forth any exceptional or extraordinary circumstances which would entitle him to relief. [Doc. 642].

The requisite time frames and the procedure that this Court must follow is set forth in *United States v. Foley*, 110 Fed.Appx. 611, 613-614 (6th Cir. 2004) (Not selected for publication in the Federal Reporter):

> In Case Number 03-1683, Foley appeals a district court judgment denying his motion for reconsideration of the judgment denying his motion to dismiss the indictment. <u>Foley filed his motion to reconsider more than ten days after entry of the district court's March 20, 2003 order. Rule 59 provides that motions to reconsider "shall be</u>

filed no later than 10 days after entry of judgment." Fed.R.Civ.P. 59(b), (e). This court's "own precedent dictates that a Rule 59 motion filed outside the mandatory 10-day window is of no effect." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir.1998). Nevertheless, "[w]here a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion pursuant to Rule 60 for relief from judgment." Id. This court reviews the district court's denial of a motion for relief from judgment for abuse of discretion. Hood v. Hood, 59 F.3d 40, 42 (6th Cir.1995).

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Feathers*, 141 F.3d at 268.

Review of an order denying relief from judgment does not bring up the underlying judgment or order for review. *Browder v. Dir., Dep't of Corr.*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Feathers*, 141 F.3d at 268; *Hood*, 59 F.3d at 42. Subsection (b)(6) is properly invoked only in unusual and extreme situations where principles of equity mandate relief. Olle v. Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir.1990). If legal error is relied upon, the motion should be premised upon

> the category of mistake under Rule 60(b)(1), and such motions must be filed within the normal time for taking an appeal. *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir.1989). Rule 60(b)(6) cannot provide relief for legal error absent other exceptional or extraordinary circumstances. Id. When this standard is applied, it is clear that the district court did not abuse its discretion in denying Foley relief from judgment. Foley does not assert any of the foregoing specified circumstances, nor does he set forth any exceptional or extraordinary circumstances which would entitle him to relief. (emphasis added)

It is clearly settled that there should be consistent practice in civil and criminal cases regardless if the issue presented is of fact or of law. *United States v. Dieter*, 429 U.S. 6 (1976). The defendant has failed to comply with either rule that would entitle him to relief. Even if Mr. Vassar's motion to reconsider had been timely filed, his motion presents no basis for reconsideration of the Court's prior order.

The defendant further contends, in addition, that he raised the following objection to the calculation of his criminal history in the presentence report which was not addressed by the Court:

> In addition to Vassar's consolidation objection under § 4A1.2 Commentary 3(C), Vassar also objected and asserted cases Cr-2-92-32 and CR-2-92-33 were part if a single common scheme and plan and occurred during the same time and are related offenses under § 4A.1.2, Commentary 3(A) and (B).

In fact, the defendant's objections stated:

> 23. In addition, the offenses charged in CR-2-92-32 and CR-2-92-33 must be considered related in any event because they both involve altering vehicle identification numbers and trafficking in them.

This objection is factually incorrect because in CR 2-92-32, Vassar was charged with seven (7) counts of altering the identification numbers on motor parts and with 12 counts of receiving automobile parts with altered identification numbers which occurred from September 1990 through March of 1991. In CR 2-92-33, Vassar was convicted one count of possessing an automobile part with an altered identification number, one count of insurance fraud, four counts of using wire communications to perpetrate a fraud, and one count of engaging in a monetary transaction in criminally derived property valued at over $10,000 which occurred from September 1990 to March of 1991. In CR 2-92-33, he was found not guilty by a jury of Count 1 which charged him with altering a vehicle identification number, and his conviction of engaging in a monetary transaction in criminally derived property that had a monetary value greater than $10,000, was subsequently reversed by the Sixth Circuit.

The Sixth Circuit has held that "neither close geographic or temporal proximity commands a finding that the defendant jointly planned the crimes."

*United States v. Irons*, 196 F.3d 634, 640 (6th Cir.1999). Neither does the sharing of a "modus operandi" makes the crimes related. *United States v. Cowart*, 90 F.3d 154, 159 (6th Cir.1996). Hence, prior convictions are not "related" merely because they are part of a crime spree. *Irons*, 196 F.3d at 640. Instead, the defendant must show that the crimes were "jointly planned" or that "the commission of one offense necessarily requires the commission of the other." Id . at 638. The defendant has failed to address the crimes individually and instead has relied on his general argument that the joint sentencing and similar nature of the offenses makes the crimes "related".

The defendant's newly restated objection is untimely and the defendant has made no allegation that he either intended from the outset to commit both crimes or that he intended to commit one crime which, by necessity, involved the commission of a second crime. Therefore, the defendant's objection was not well-taken in any event and his two convictions were not related because they were not part of a common scheme or plan.

E N T E R:

                                                                                                 s/J. RONNIE GREER
                                                                     UNITED STATES DISTRICT JUDGE