UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) NO. 2:05-CR-75
)
MICHAEL CARL VASSAR )

## MEMORANDUM  OPINION AND  ORDER

Before the Court is "Defendant Vassar's Motion To (sic) For Relief  From

Prosecutorial Sentencing Misconduct, Vindictiveness, Unconstitutional And Selective

Guideline Sentencing Customs And Practices."  [Doc. 634].  The defendant's motion

seeks eight different forms of relief as follows:

> 1. The Court dismiss, deny and/or strike the Government's
> objections to the PSR report based on the Phillips' information;
> and/or
>
> 2. The Court exclude Phillips from Vassar's Guideline sentence
> computation; [1] and/or
>
> 3. The Court exclude Fann and Rice information form [sic]
> Vassar's Guideline sentence computation; and/or
>
> 4. The Court compute Vassar' Guideline sentence for the jury's

---

[1]    As is typical with many of Vassar's counsel's filings in this Court, it is somewhat difficult to
understand the exact relief sought here.  The Court will assume that what the defendant is asking the Court to do
through requests 2 and 3  is exclude any testimony by Dewey Lynn Phillips,  Stacey Phillips, Rick Fann and/or
Tate Rice  in making factual findings necessary to compute Vassar's advisory guideline sentencing range.

verdict conspiracy sentence liability object of 6.8 grams of cocaine [2]; and/or

5. The depart from Vassar's Guideline sentence computation[3]; and/or

6. The Court find any presumption of reasonableness of a Guidelines sentence has been rebutted; and/or

7. The Court give no weight to the Guideline calculation asserted by the Government; [4] and/or

8. The Court consider undisclosed benefits provided to witnesses by the Government in making creditability [sic] determinations for sentencing determinations.

For the reasons set forth below, with the exception of one small caveat discussed below, the motion will be DENIED.

**Defendant's Allegations**

The essence of Vassar's complaint in this motion is that the Assistant United States Attorneys prosecuting this case have manipulated and defeated the purpose of the United States Sentencing Guidelines "through use of charging decisions, plea agreements,

---

[2] Once again, the defendant's request is almost nonsensical; however, the Court once again assumes that what Vassar is asking the Court to do is to calculate his advisory guideline sentencing range based on a quantity of 6.8 grams of cocaine.

[3] As is also typical with Vassar's counsel, the request stated in No. 5 is not a complete sentence or phrase.

[4] Once again, it is hard to determine whether this is, in essence, the same request contained in No. 1 or whether the defendant seeks some other relief. If the government's objection to the drug quantity used in the PSR to calculate Vassar's advisory guideline range is sustained, then that advisory guideline range will be considered as one of the 18 U.S.C. § 3553(a) factors. If the government's objection is overruled, it will have no weight in the ultimate determination of a sentence.

and selective presentation and/or withholding of information from the officer preparing the PSR and the Court." In support of his contention, Vassar has filed a chart created by his counsel which purports to compare the "real offense" guideline calculations for various other defendants who have appeared before this Court with the sentences actually imposed by this Court. According to the defendant, the prosecutors in this division have a "custom and practice of manipulating guideline calculations" resulting in sentences that are "unfair, disproportionate, non-uniform and disparate." Vassar alleges a 350% to 450% difference between sentences that should have been imposed in other defendants' cases based upon their "real offense" conduct and the sentence actually imposed.

Vassar argues that 18 U.S.C. § 3553(a)(4) and U.S.S.G. § 5K1.1 constitute the only lawful guideline sentencing benefit which can be afforded to a defendant who cooperates with the government. He specifically complains that the charging decisions and plea agreements entered into between the government and other defendants are inconsistent with the position the government is taking as to Vassar's sentencing in this case thereby resulting in grossly disparate sentencing in violation of 18 U.S.C. § 3553(a)(6). He further complains that the policy of the United States Attorney's Office is designed to cause harsher sentences for those who exercise their right to a jury trial and "who refuse to commit perjury" for the government. Vassar also argues that the government's "custom and practice" constitutes an unlawful gratuity to a witness in violation of 18 U.S.C. § 201(c)(2) and constitutes unconstitutional prosecutorial

vindictiveness.

**Discussion**

The defendant's argument relies in total on the November 8 chart created by Vassar's counsel. Even if the chart is accurate, the defendant's argument fails for several reasons.

First of all, § 3553(a), by its specific terms, refers only to "unwarranted sentence disparities". Vassar has pointed the Court to no authority for the proposition advanced by him that disparities in sentencing which result from the charging decisions, plea negotiations and decisions made by prosecutors about what relevant conduct of a defendant, known to the prosecutor, should be disclosed to the probation officer preparing the presentence report or to the court are in any way illegal or improper. There are many things, in addition, which result in different sentences for defendants convicted of the same or similar crimes. Criminal history, mandatory minimum sentences, "safety valve" treatment, motions for downward departure based upon substantial assistance, and the constraints placed upon prosecutors in the use of information disclosed by a defendant during plea negotiations all account for substantial differences in sentences.

Decisions whether to prosecute, what offenses to prosecute and whether to plea bargain or not are made by prosecutors every day and constitute legal, permissible exercises of prosecutorial discretion. Despite the fact that Vassar's counsel finds plea bargains personally reprehensible, and as distasteful as plea bargain techniques may

sometimes be today, they are a necessary tool used by prosecutors to ferret out criminal activity, making them a necessary evil in the real world. The United States Supreme Court has recognized as much in *United States v. LaBonte*, 520 U.S. 751, 117 S. Ct. 1673, 137 L. Ed. 2d 1001 (1997). In rejecting an argument that prosecutorial discretion under 21 U.S.C. § 851 led to unwarranted disparity in sentencing, the Supreme Court analogized prosecutorial discretion under § 851 to the power of the executive to charge defendants, stating:

> In so far as prosecutors, as a practical matter, may be able to determine whether a particular defendant will be subject to the enhanced statutory maximum, any such discretion would be similar to the discretion a prosecutor exercises when he decides what, if any, charges to bring against a criminal suspect. Such discretion is an integral feature of the criminal justice system, and is appropriate, so long as it is not based upon improper factors.

*Labonte*, 520 U.S. at 762, 117 S. Ct. 1673.

Additionally, the United States Court of Appeals for the Sixth Circuit has likewise rejected a "separation of powers" challenge to the discretion given to a prosecutor under § 851 concerning whether or not to file the necessary notice to invoke an enhanced statutory maximum as being similar to the initial discretion the prosecutor has in deciding which charges to bring against a defendant as "obviously constitutional." *See United States v. Crayton*, 357 F. 3d 560, 572 (6th Cir. 2004). The Sixth Circuit has also addressed

5

the defendant's argument that the government somehow impermissibly manipulates the process by selectively revealing the "real offense" conduct to the probation officer and the court. In *United States v. Davern*, 970 F. 2d 1490 (6th Cir. 1992)(*en banc*), the Sixth Circuit rejected an argument that prosecutors somehow act improperly by failing to reveal relevant conduct to the probation officer. The majority in *Davern* states as follows:

> The balance of the dissent argues that prosecutors have too much discretion in determining what relevant conduct will be presented to the court for consideration in sentencing a defendant. There are no allegations that prosecutors have been inventing relevant conduct where none exists. The only discretion prosecutors may have is to fail to reveal relevant conduct to the probation officer. Although this may be a concern, it seems closely related to the discretion given to prosecutors generally to determine which offenses they will charge.

*Davern*, 970 F. 2d at 1495, FN 6.

It is quite clear, as defendant argues, that a primary goal of the Sentencing Reform Act of 1984 was the elimination of unwarranted sentencing disparity. The clear concern of the Congress, however, in enacting 28 U.S.C. § 991(b)(1)(B) was the unfettered discretion of sentencing judges and parole authorities and there is no evidence suggesting that Congress was intent on curbing the discretion of prosecutors. *See generally S. Rep.* No. 225, 98 Cong., 2d Sess. 52, reprinted in 1984 *U.S.S.C.A.N.* 382, 3235; *United States v. Draper*, 88 F. 2d 1100 (6th Cir. 1989); *United States v. Branham*,

97 F. 3d 835 (6ᵗʰ Cir. 1998).

United States Attorneys have "broad discretion" to enforce our criminal laws.
"In the ordinary case, so long as the prosecutor has probable cause to believe that the
accused committed an offense defined by statute, the decision whether or not to prosecute
and what charge to file or bring before a grand jury, generally rests entirely in his
discretion." *United States v. Armstrong*, 517 U.S. 456, 464, 116 S. Ct. 1480, 134 L. Ed.
2d 687 (1996). As noted above, the United States Supreme Court in *Labonte* held that an
exercise of prosecutorial discretion is appropriate, so long as it is not based upon improper
factors. "[S]eparation of powers concerns prohibit [a court] from reviewing a prosecutor's
charging decisions absent a *prima facie* showing that it rested on an impermissible basis,
such as gender, race, or denial of a constitutional right." *United States v. Palmer*, 3 F. 3d
300, 305 (9ᵗʰ Cir. 1993).

The defendant's arguments also ignore the practical considerations that often
go into decisions made by the government during plea negotiations. Such factors as the
strength of the government's case, the government's enforcement priorities, the deterrence
value of the prosecution, the value of the defendant's cooperation and possible testimony
in the investigation and prosecution of others engaged in criminal activity, the limitations
of Rule 11, and the like all have an effect on the decisions prosecutors make. This Court
is ill equipped to, and indeed will not, second guess decisions made by the government
based on any of these factors or a combination of these factors. This Court simply lacks

jurisdiction to review prosecutorial charging and plea bargaining decisions, absent proof of discrimination based on suspect characteristics and the defendant here has not alleged that any policy pursued by the United States Attorney is based on impermissible factors such as racial or religious animosity.

The defendant cites as authority for his novel propositions various cases dealing with sentence manipulation. "To establish that sentencing factor manipulation did in fact occur, the defendant must show that the government acted outrageously and that the purpose of the government's conduct was merely to increase defendant's sentence." *United States v. Calva*, 979 F. 2d 119, 122 (8th Cir. 1992). This is not a case, however, where the government has manipulated the sentence or potential sentence of this defendant through direct police involvement in the case. The cases cited by the defendant deal with situations where police involvement in a crime is "so overreaching as to bar prosecution of the defendants as a matter of due process of law." *United States v. Twigg*, 588 F. 2d 373, 377 (3rd Cir. 1978).

There is no suggestion by the defendant in this case that the law enforcement authorities involved in the case did anything for the purpose of increasing the length of his sentence. Vassar does not face a greater sentence in this case because of any manipulation by the government. He faces only the sentence authorized by the jury's verdict, that is, not more than 30 years imprisonment. The fact that others may have

8

received breaks because of their cooperation with the government raises no question of fundamental fairness nor does it implicate any constitutional concern about due process. If there are disparities as a result of the government's charging and plea bargaining policies resulting in more lenient sentences being imposed upon other defendants than were actually justified, it is the public which should be properly complaining, not the defendant in this case. By attempting to show that other defendants have received lenient sentences as a result of government policies, this defendant seems to argue that his sentence, and all future sentences, should not exceed the more lenient sentences that have been imposed in the past.

Despite the fact that defendant argues that he is being punished somehow for the exercise of his right to a trial and his right to decline to debrief and cooperate with the government, he has offered no evidence in support of such claim. The fact that the government may at one time have approached this defendant about cooperating and have discussed with him a potential recommendation for reduction in his sentence does not establish a constitutional violation of this defendant's rights.

With respect to defendant's argument that the prosecutorial discretion exercised by the United States Attorney's Office in the case of others constitutes an unlawful gratuity in violation of 18 U.S.C. § 201(c)(2), no evidence or authority has been proffered to support such a claim. In any event, such a claim is of no benefit to this defendant in that he likely has no standing to challenge agreements made with others. The

fact that a defendant who exercises his right to a trial by jury may in fact receive a longer sentence than someone who chose to plea bargain does not raise due process concerns under the Constitution. Defendant's entire argument in this motion is an argument based on the law as the defendant wishes it existed rather than the law as it actually exists. For the above reasons, defendant's motion is DENIED, with the following caveat.

In requests Nos. 6 and 8 of the section of defendant's motion entitled "Relief Requested", he asks the Court to find that any presumption of reasonableness of a sentence within the advisory guideline range has been rebutted and that the Court consider "undisclosed benefits" provided to government witnesses in making credibility determinations related to factual disputes. These requests show a fundamental misunderstanding of the applicable law on the part of defense counsel.

The "presumption of reasonableness" is an appellate concept and this Court will not apply to the advisory guideline range a "presumption of reasonableness" which the defendant must then rebut. This Court's responsibility is to impose a sentence in this case which is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) ..." of 18 U.S.C. § 3553(a). In arriving at an appropriate sentence in this case, the Court will consider, as one of the relevant factors under 18 U.S.C. § 3553(a), the advisory guideline range applicable to this case (to be determined by this Court after resolution of the guideline objections filed by the government and the

defendant).  In making credibility determinations related to the factual disputes which

exist in this case and which must be resolved before sentencing, this Court will consider

any and all factors which reflect upon the credibility of any witness.

      **SO  ORDERED**.

      ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
